This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAVID M. GONZALES,**

Plaintiff-Appellee,

v.                                                                          **NO. 31,452**

**PHILIP GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Edmund H. Kase, III, District Judge**

John R. Gerbracht
Socorro, NM

for Appellee

Roscoe A. Woods & Associates
Roscoe A. Woods
Socorro, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals from the grant of summary judgment to Plaintiff in a quiet-

title action. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which this Court has duly considered. Unpersuaded, we summarily affirm the district court's grant of summary judgment.

**Issue 1:** Defendant argues on appeal, as he did below, that the documents supporting Plaintiff's motion for summary judgment describe the property inconsistently, and therefore fail to identify the property adequately to entitle Plaintiff to judgment in his favor. Defendant argues that in some documents, the property is shown to occupy portions of both Section 16 and Section 17 of Township 5S, while in others it is entirely within Section 17. [DS 3] Defendant also argues that in the 1942 tax deed, the land at issue is described only as a half-interest in Tract 30, while in all subsequent documents it is described as Tract 30B. [DS 3]

Defendant argues that summary judgment was improper based on the reasoning of *Brylinski v. Cooper*, 95 N.M. 580, 624 P.2d 522 (1981). [MIO 2] But that case involved title derived from an initial property description that was indisputably in error. *Id*. at 582, 624 P.2d at 524 ("The substitution of 'NE' for 'NW' resulted in the identification of an entirely different parcel of property than that which was intended to have been assessed."). Here, while the description in the tax deed was ambiguous as to which portion of Tract 30 was conveyed, and while its single-line description did not mention any encroachment into Section 16, Defendant identifies no evidence that

the deed was otherwise substantially incorrect. *Brylinski* is authority as to cases where title derives from a clearly erroneous prior property description. This is simply not such a case; here, the boundaries of the property can be ascertained with reasonable certainty from the descriptions in the record.

We hold that any factual issue that could have arisen from the discrepancy between the half-interest described in the tax deed and the later documents' description of a subdivided parcel was waived in this case by Defendant's reliance on a quitclaim deed pertaining to Tract 30-B. [RP 49] Defendant counterclaimed against Plaintiff in the action below, claiming "right, title and interest in and to [District] Map 179, Tract 30-B." [RP 17] Defendant cannot contest, on the one hand, the description of a subdivided parcel, while relying, on the other hand, on a deed containing the same description of the same subdivided parcel.

We noted at Page 3 of our calendar notice that Defendant had failed to address in his docketing statement his reliance on a quitclaim deed containing the same property description on which Plaintiff relies. In his memorandum in opposition to our calendar notice, Defendant responds, apparently to this point, by stating "[t]his is false. Plaintiff's title is not based on [District] tracts." [MIO 2] However, Defendant does not go on to explain in what way it is "false" to state that the quitclaim deed on which he bases his title, and which pertains on its face to Tract 30B on a District map

[RP 49], describes the same property to which Plaintiff sought to quiet title.

We acknowledge that the 1942 tax deed does not specify to which one-half interest it pertains. But it is clear that every subsequent transfer of the property has consistently conveyed a subdivided interest in the tract. Obviously, Tract 30 was divided at some time between the issuance of the tax deed and the transfer of Tract 30B to the District. That no record of such division was introduced in the district court does not, perforce, invalidate all subsequent transfers of the land, nor does it create a genuine issue of disputed material fact for purposes of Rule 1-056. And again, Defendant cannot contest the validity of the division when he himself relies on a quitclaim deed pertaining to the same divided parcel. For the same reason, we hold that there was no genuine issue of material fact presented by any discrepancy concerning the property's presence in Sections 16 and 17, or only in Section 17. Whether the property lies in one or both Sections, both Plaintiff and Defendant claim title pursuant to documents referring for their descriptions of the property to a District map, which description does not refer to section numbers at all. [RP 54, 68]

A recurring theme of Defendant's argument is that the boundaries of the property cannot be ascertained by reference to the District map. [DS 9, MIO 3, RP 60] In his sur-response in support of his motion for summary judgment, Plaintiff submitted a boundary survey plat dated August 19, 2010. [RP 83] Plaintiff's

4

intention was to demonstrate that the boundaries of the property could be ascertained, and had in fact *been* ascertained, by a licensed surveyor. [RP 81] Defendant does not address this fact in his docketing statement or his memorandum in opposition to our calendar notice. As to Defendant's first issue, we hold that the district court properly determined that Plaintiff made, and Defendant failed to overcome, a prima facie showing of entitlement to judgment as a matter of law.

**Issue 2:** Defendant continues to argue that Plaintiff's motion for summary judgment was improper in that it did not comply with the requirement in Rule 1-056 NMRA of a statement of undisputed material facts. [MIO 3-4] We noted in our calendar notice that the motion did, in fact, set forth a series of factual allegations supported by references to the record. [PSD 3-4] Defendant continues to argue that because the motion "failed to directly list undisputed material facts as required by the rule, it is obvious the same did not substantial [*sic*] comply [with Rule 1-056]." [MIO 4] Now, however, Defendant argues that the failure of compliance related, not to the form of the undisputed-fact section, but to Plaintiff's failure to enumerate "specific facts, e.g. how [P]laintiff got title to lands in Section 16." [Id.] As Defendant now characterizes the issue, it is resolved by our holding on Issue 1: Plaintiff presented evidence of valid title to Tract 30B as shown on a specific District map (without reference to section numbers), and Defendant waived any argument against the

validity of that description by relying on a deed that contained the same description.

**Issue 3:** Defendant's third issue concerns Defendant's claim for the imposition of a trust, due to Plaintiff's alleged "posing in the agreement with the [District] as the taxpayer," and that the sale to Plaintiff was, instead, "effectively a redemption." [DS 7] We acknowledged in our notice of proposed summary disposition that one document did appear premised on the mistaken assumption that Plaintiff was the same David Gonzales who lost the property in the 1942 tax sale. [PSD 4-5] But we noted that the transaction could not have been a tax-forfeiture redemption, because the redemption period had run by the time Plaintiff purchased the land. [PSD 5] Defendant now claims that our proposed disposition of this issue was the result of "confusion" arising from Plaintiff's alleged failure to comply with Rule 1-056. [MIO 4] Defendant states that "the agreement with the [District]" to which he referred in his docketing statement was, in fact, the District's "Escrow Agreement between *[D]efendant* and [the District]." [Id. (emphasis added)] To support this contention, Defendant directs us to an affidavit entered in the district court, but that affidavit contains no reference, and has no attachment referring, to any agreement between Defendant and the District, let alone any admission that Plaintiff "posed" as his eponymous predecessor-in-interest. [RP 51-58] We therefore decline to impose a trust, there being no basis for such a trust evident in Defendant's submissions.

**Issue 4:** Defendant argues that he should be granted a prescriptive easement in a road, and that different plats depict the road either within or outside the property. [DS 7]  As we noted in our notice of proposed summary disposition, however, this issue was not raised as an affirmative claim for relief, but only as a defense to Plaintiff's claim, and was therefore not at issue before the district court.  [PSD 5-6]  Defendant does not address this point in detail, stating only that the easement issue "was preserved in the record," and that "[P]laintiff presented evidence of survey plats disputing [the] location of the road, agreeing to litigation of the issue by submitting evidence thereon."  [MIO 4]  Again, we do not dispute that the issue was raised and argued below; but Defendant presents no evidence that it was raised and argued as anything other than a defense against Plaintiff's claim.  As such, we do not convert the issue into a claim for relief on appeal.

**CONCLUSION**

We affirm the district court's order granting summary judgment in Plaintiff's favor, and quieting title to the property in Plaintiff.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**RODERICK T. KENNEDY, Judge**